UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROADRUNNER CHARTERS INC., Plaintiff, -v- NEW YORK CITY, et al., Defendants. | | 25-CV-01285 (JAV) <br> MEMORANDUM OPINION AND ORDER |

JEANNETTE A. VARGAS, United States District Judge:

Fact discovery in this case closed on April 24, 2026. ECF No. 33. On April 21, 2026, the Court denied a request to extend that deadline to allow the completion of ESI productions on the grounds that the parties had not exercised due diligence. ECF No. 42. Plaintiff then moved for an extension of time from July 10, 2026, to August 31, 2026, to complete expert discovery, and Defendants did not object. ECF No. 51.

The basis for that motion was that Defendants continued to produce responsive ESI after the conclusion of fact discovery in this matter. *Id.* The Court denied the motion for an extension of the expert discovery deadline on the same basis as it denied the prior motion for an extension of fact discovery. ECF No. 53.

Plaintiff has now filed two letter motions. The first is a request for "clarification" and reconsideration of the order concerning the expert discovery schedule. ECF No. 54. The second seeks leave to conduct discovery regarding issues that have been raised following the City of New York's recently filed responsive pleading. ECF No. 56.

## A. Motion for Reconsideration of Denial of Extension of the Expert Discovery Deadline

A motion for reconsideration under Local Rule 6.3 will be denied unless the court overlooked matters, such as controlling decisions or data, that might be expected to alter the conclusion reached by the court. *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways,*

*Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); *see also Lanesborough 2000, LLC v. Nextres, LLC*, No. 23-CV-07584 (PKC), 2025 WL 785071, at *1 (S.D.N.Y. Mar. 12, 2025), *aff'd in part, vacated in part, remanded*, 167 F.4th 33 (2d Cir. 2026). The grounds for reconsideration are to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, No. 99-CV-06098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

With respect to the Court's denial of the motion for an extension of the expert discovery deadlines, Plaintiff seeks to "clarify the status of the outstanding materials," explaining that the current ESI productions are responsive to "document requests Plaintiff timely served before the close of fact discovery." ECF No. 54 at 1. Plaintiff states that it "seeks only a schedule that permits expert review of responsive information" that Defendants failed to produce during the fact discovery period. *Id.* at 2.

The Court was well aware of this procedural background at the time it issued its order, as that was the basis for the Plaintiff's motion to extend both the fact and expert discovery deadlines. Indeed, the fact that Plaintiff did not raise the delinquent status of the Defendants' responses to their discovery requests in a timely manner is one of the reasons the Court found that Plaintiff had not demonstrated the due diligence required for an extension of the fact or expert discovery deadlines. ECF Nos. 42, 53.

That Plaintiff timely served his discovery requests does not change the fact that the period for fact discovery has long since closed. A deadline for the completion of fact discovery encompasses not just the serving of discovery requests, but also the production of documents responsive to those requests (consistent with a party's duty to supplement its discovery responses pursuant to Rule 26(e)). *See, e.g.*, *Ali v. Dainese USA, Inc.*, 577 F. Supp. 3d 205, 221 (S.D.N.Y. 2021) (holding that party was "under an obvious duty to produce all discoverable documents in her possession" prior to the fact discovery deadline set in the Case Management Plan). The parties clearly understood as much, as they originally moved for an extension of the fact discovery deadline to permit the City to complete its production of outstanding ESI. ECF No. 41. Plaintiff cannot evade the consequences of the Court's denial of its request to extend the fact discovery period by requesting an extension of expert discovery on the same grounds.

While the parties did inform the Court that Defendants were producing responsive records after the conclusion of fact discovery, *see* ECF No. 44 (stating that the parties continued to "address the limited outstanding fact discovery issues informally while expert discovery proceeds"), that unilateral arrangement did not serve to modify the Case Management Plan. And it certainly did not provide good

cause for a modification of the expert discovery deadlines.[1]

Plaintiff points out that the Court informed the parties that "expert disclosures should be held in abeyance" while its motion was under consideration. ECF No. 54 at 2. Specifically, on July 13, 2026, Plaintiff sent an email to Chambers requesting an update on the then-pending motion for an extension of the expert discovery deadline and requesting guidance on how the parties should proceed in the interim. In an email correspondence dated July 13, 2026, the Court instructed the parties that a "clarifying order" would soon be issued, and that in the interim expert disclosures should be held in "abeyance." Soon thereafter, the Court issued its Opinion and Order with respect to Defendants' motion to dismiss the Amended Complaint. ECF No. 52.

Plaintiff argues that good cause exists for an adjustment of the schedule, because "the requested modification is attributable to circumstances outside Plaintiff's control: . . . Plaintiff's reasonable reliance on Chambers' direction that expert disclosures be held in abeyance." ECF No. 54 at 3. Yet the July 13 email was sent *after* the deadline for the completion of expert discovery had passed. Specifically, the operative Case Management Plan set a deadline of May 10, 2026, for expert disclosures by a party-proponent of a claim; June 10, 2026, for the expert disclosures by a party-opponent; and July 10, 2026, for the completion of all expert discovery. ECF No. 33. Plaintiff waited until July 5, 2026, to request an extension of the expert discovery deadline. ECF No. 51. Reliance upon the Court's July 13 email could not have resulted in Plaintiff suspending its expert-disclosure obligations, which were due almost two months before Plaintiff even filed its motion for an extension of the deadline. ECF No. 54.

Accordingly, the motion for reconsideration is denied.

## B. Motion to Reopen Fact Discovery

On August 10, 2026, Defendants filed their Answer in this case and asserted eight affirmative defenses. ECF No. 55, ¶¶ 81-88. As relevant here, those defenses included lack of subject matter jurisdiction; a denial of liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); res judicata; and collateral estoppel. *Id.* Plaintiff seeks a modification of the Case Management Plan to permit it to serve "twelve interrogatories, twenty requests for admission and ten document requests confined to the Answer, followed by one Rule 30(b)(6) deposition limited to

[1] The Court also notes that Plaintiff's application did not make clear the relevance of the ESI requested from the City to the contemplated expert disclosures. Plaintiff represented that it had retained an expert to opine on Plaintiff's damages. ECF No. 51. Plaintiff at no point indicated the subject matter of the ESI that remained to be produced and reviewed, or why it would be anticipated that such ESI would have any relevance to the calculation of Plaintiff's damages. *See id.*

the factual bases for the newly pleaded defenses and the municipal decision-making underlying the commencement of the Buckeye Coach Action." ECF No. 56 at 3. Defendants object to this request. *Id.* at 4. This motion is granted in part and denied in part.

To the extent that Plaintiff seeks to serve contention interrogatories identifying the bases for the Defendants' newly asserted defenses of lack of subject matter jurisdiction, res judicata, and collateral estoppel, it has established good cause for a limited modification of the discovery schedule. These defenses had not previously been asserted until the Answer was filed, and thus Plaintiff could not have served this contention discovery earlier through the exercise of due diligence. *See Solman v. Corl*, No. 15-CV-01610 (JCH), 2016 WL 6433829, at *2 (D. Conn. Oct. 31, 2016); *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Nor would there be any prejudice to Defendants from responding to such targeted discovery. It is unclear at this date why document discovery or a Rule 30(b)(6) deposition would be necessary with respect to these defenses, however. The Court therefore reserves decision on the request for such additional discovery related to these defenses.

The Court otherwise denies this request. The question of *Monell* liability has been present in this case from the outset. The Amended Complaint raised Section 1983 claims against the City of New York. ECF No. 27, ¶¶ 88-95. Plaintiff's opposition to the Defendants' motion to dismiss addresses the *Monell* liability issues at length. *See* ECF Nos. 34, 35, 37. That Defendants denied liability in its Answer does not newly "create[] a defined dispute over who made the challenged municipal decisions, the discretion those officials exercised, and the investigation supporting Roadrunner's selection as a defendant." ECF No. 56 at 2. Nothing prevented Plaintiff from pursuing such discovery during the extended fact discovery period. Plaintiff essentially seeks to restart discovery on a core issue in this litigation. Plaintiff has not demonstrated good cause for such relief.

Accordingly, Plaintiff shall be permitted to serve its contention interrogatories by **August 25, 2026**. Responses to those contention interrogatories shall be due **September 25, 2026**.

SO ORDERED.

Dated: August 19, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge